MOORE v. THE CHICAGO, BURLINGTON & QUINCY R'Y CO.

1. **Evidence:** OPINIONS AS TO ABILITY TO PERFORM DUTIES OF BAG-
GAGE-MAN AND EXPRESS MESSENGER. The opinion of witnesses
familiar with the duties of baggage-men and express messengers on a
certain route on a railroad, and who had seen plaintiff try to perform
those duties, were not admissible to prove his incompetency to perform
those duties. No question of science or skill was involved, and it was
for the jury, after hearing all the facts, to decide as to plaintiff's compe-
tency; following cases cited in opinion.

2. **Railroads:** INJURY TO EMPLOYE: SETTLEMENT BY AGREEMENT TO
HIRE EMPLOYE AS BAGGAGE-MAN AND EXPRESS MESSENGER: DUTY OF
COMPANY. Plaintiff was injured on defendant's road, and, in settlement
of a suit growing thereout, defendant agreed to employ him as baggage-
man and express messenger at certain monthly wages. Plaintiff now
sues for a breach of that contract, and defendant answers that he was
not competent to perform the duties of such employment. *Held* that
defendant was bound to afford plaintiff a fair opportunity to acquire the
necessary knowledge and skill in the manner in which they are ordina-
rily acquired by men in that service.

3. ——: ——: ——: WRONGFUL DISCHARGE. In such case, if
defendant, after plaintiff had entered into its service under the contract,
wrongfully discharged him, this was as certainly a refusal by it to fur-
nish him the employment agreed upon as its refusal to permit him to
enter its service would have been.

4. ——: ——: ——: RIGHT TO DISCHARGE FOR INCOMPETENCY. In
such case, if plaintiff, after entering upon the service agreed upon, was
found, after a fair trial, to be incompetent for want of qualification
mentally, or if he proved to be too weak or infirm bodily, or was too
slow, and could not discharge his duties in proper time, then the defend-
ant might rightfully discharge him, and would not be liable therefor.

5. **Practice on Appeal:** CONFLICTING EVIDENCE TO SUPPORT VERDICT.
The evidence being in conflict, this court cannot, under the well estab-
lished rule, set aside the verdict as not being supported by the evidence.

*Appeal from Monroe Circuit Court.*

WEDNESDAY, MARCH 18.

IT is alleged in the petition that in March, 1881, a suit
was pending in one of the courts of Monroe county between
plaintiff and defendant, in which plaintiff sought to recover

of defendant damages for personal injuries which he had sustained while in defendant's employ; and that the parties entered into a contract for the settlement of plaintiff's claim; and that, among other things given by defendant in said settlement, was a written undertaking by it to employ plaintiff as a baggage and express man whenever he was able to go to work, and to give him steady employment in such position, and to pay him the wages usually paid for such services, which were $60 per month; and that in December, 1882, plaintiff notified defendant that he would be ready and able to go to work as baggage and express man on the first of January, 1883, and that he has at all times since that date been ready, able and willing to enter upon said services and perform the duties of said employment, but that defendant refused and failed to give him employment therein; and that, by reason of this failure and refusal, plaintiff was out of employment from January 1 to September 1, 1883; and for the value of his services under said contract during that time plaintiff asks judgment.

Defendant in its answer admitted the making of the contract as alleged in the petition, but denied that it refused plaintiff employment under said contract; but alleges that it employed him on one of its railroads as baggage-man and expressman, and that he remained in said employment but a short time, when he voluntarily left said employment and ceased to work therein. It also alleged that plaintiff was not qualified nor able to perform the duties required of a baggage and express man on its road; and that he was not competent to discharge said duties. The verdict and judgment was for plaintiff, and defendant appeals.

*T. B. Perry*, for appellant.

*J. E. Townsend* and *John F. Lacey*, for appellee.

REED, J.—The evidence given on the trial shows that plaintiff informed defendant in the month of December,

1882, and at other times between that and the first of the following July, that he was able to go to work as express messenger and baggage-man, and that he desired to be employed in that capacity under the contract between the parties. Shortly before the first of July he was directed by one of defendant's agents to hold himself in readiness to go to work, and on the second of that month he was directed to take charge of the baggage and express business on defendant's road from Albia to Des Moines. The baggage and express matter are carried on that route in the same car, but the express business is conducted by the American Express Company. The train on which plaintiff went to work makes one trip daily from Albia to Des Moines and return. On the trip on July second, a route agent of the express company, also another employe of the company, accompanied plaintiff, riding with him in the express and baggage car, and rendered some assistance in handling the baggage and express matter, and the route agent gave plaintiff some directions as to the proper manner of doing the work and transacting the business. The route agent also accompanied plaintiff on the trip the next day. But when they arrived at Des Moines plaintiff quit the work. Whether he quit voluntarily, or was discharged by the route agent, is in dispute between the parties. But the jury found that he was discharged, and the verdict in this respect finds sufficient support in the evidence.

It frequently happens that single pieces of baggage, weighing as much as two hundred and fifty pounds, are carried on the car, and the express business done on the line is quite extensive. The handling of the baggage requires the exercise of a good deal of physical strength; and a good deal of dispatch is required in the transaction of the express business to avoid delaying the train unduly at the different stations. The express messenger is also required to make duplicate way-bills of such express matter as is received at certain stations on the line, and to enter them upon his delivery book. This writing must be done while the train is in motion; and, as

these bills and entries constitute the company's record of the business, it is important that the writing should be legible.

It was claimed by defendant that plaintiff did not possess the physical strength requisite for the handling of the baggage; and that he possessed neither the skill nor activity required in the proper transaction of the express business; and that he could not write a legible hand.

The route agent and the other employe of the express company, who accompanied plaintiff on the second of July, were **1. EVIDENCE: opinions as to ability to perform duties of baggage-man and express messenger.** examined as witnesses on defendant's behalf. It was shown that they each had had long experience as express messengers and baggage-men on railroads, and that they were well acquainted with the amount and character of the business done on the route from Albia to Des Moines. Defendant asked these witnesses a number of questions, with the view of eliciting their opinions as to the ability and capacity of plaintiff to perform the duties of baggage-man and express messenger. They were asked whether, in their opinion, he possessed the qualifications and capacity and fitness to discharge the duties devolving on an express messenger and baggage-man, and whether, in their opinion, he possessed sufficient physical strength to handle the amount of baggage which was carried on that route. But these and other similar questions were excluded by the circuit court, on plaintiff's objection, on the ground that the subject to which they related was one on which the mere opinions of the witnesses were not competent evidence. This ruling is assigned as error. In our opinion the ruling is correct.

The questions related exclusively to plaintiff's fitness for the position of baggage-man and express messenger, and his capacity to perform the duties of that position. This, we think, was in no sense a question of science or skill, or one upon which inexperienced persons are incapable of forming a correct judgment without the aid of the opinions of experts. Nor is it one in which the facts, from which the judgment

or opinion must be formed, cannot be fully presented to the jury. The ground upon which it is claimed that the opinions of the witnesses should have been admitted is, that they were well acquainted with the amount and character of the business done on the route, and knew also the degree of skill and strength and activity which must be exercised in the proper performance. of the labor, and they had also seen plaintiff in his attempt to perform the duties of the position; and consequently they were in a position to form a correct judgment as to his fitness and capacity to perform those duties. Under this claim, however, the opinion of the witnesses would be specially valuable, not because of any special study or examination which they had given the subject, but because they were in possession of all the facts which should be considered in forming a judgment or opinion on the subject. But these facts were all capable of being communicated to the jury; and the witnesses did state the amount and character of the express business done on the route, and the amount and weight of the baggage which the baggage-man was required to handle, and the time within which the work was required to be done, and the manner in which it should be done, and the other facts which should be considered in forming a judgment as to the strength and skill and activity which must be exercised in performing the duties. They also stated the facts with reference to the manner in which plaintiff did the work while they were with him, and which led them to conclude that he was not capable of properly performing the duties of the position.

As the question of plaintiff's fitness for the position was to be determined from these facts, it was clearly the province of the jury to determine it. It was for them, and not for the witnesses, to determine what conclusions or deductions should be drawn from the facts which were established. In excluding the evidence of the opinions of the witnesses, the circuit court followed the rule on the subject as heretofore laid down by this court. See *Muldowney v. Illinois Cent. R'y Co.*,

36 Iowa, 462; *Hamilton v. Des Moines Valley R. Co.*, Id., 31; *Belair v. Chicago & N. W. R. Co.*, 43 Id., 662.

II. The court instructed the jury that it was the duty of defendant, under the contract between the parties, "to afford plaintiff a reasonably fair opportunity to learn the business, and to discharge the duties of bag-gage and express man on its road, and that, if it discharged him from its service without afford-ing him such opportunity, it was liable. But if it afforded him such opportunity to learn the business and discharge the duties of the position, and he was not able to discharge such duties with reasonable promptness and ability, and it discharged him for that reason, he could not recover." Defendant assigns the giving of this instruc-tion as error. It is argued by counsel that under it defendant was required to take plaintiff into its employment and give him room in its baggage and express car while he was merely learning the duties of the position of baggage-man and express messenger; but we think this is not the meaning of the instruction. The character of the duties of the position is shown by the evidence. It is the duty of baggage and express men to receive and care for the baggage which is car-ried on the car, and deliver it at the station to which it is consigned, and to receive, care for and properly deliver the express matter which is carried on their route, and to make the necessary way-bills and entries in the book which they are required to keep. A good deal of the work performed by them in the discharge of the duties of the employment con-sists of mere manual labor; and no previous preparation is required to fit the messenger to perform it. There are other duties, however, which require business knowledge and capac-ity for their proper performance; but this knowledge the messenger is expected to acquire while in the actual perform-ance of the duties. The business is not one to which men serve an apprenticeship; but intelligent, active men, possess-ing the requisite physical strength, may enter into it without

*2. RAILROADS: injury to em-ploye: settle-ment by agreement to hire employe as baggage-man and ex-press messen-ger : duty of company.*

previous special preparation, and by attention to its duties they soon acquire the skill and knowledge required for their proper performance. The instruction in question means simply that defendant was bound to afford plaintiff a fair opportunity to acquire this knowledge and skill in the manner in which it is ordinarily acquired by men in that service; and we think it is correct.

III. Defendant also excepts to those portions of the instructions referred to which define the grounds upon which

3. ——: ——: wrongful discharge. defendant had the right to discharge plaintiff from its service, for the reason that it is not applicable to the issue—the complaint in the petition being that it had wrongfully refused to take him into its service under the contract, and not that it wrongfully discharged him from that service. The allegation in the petition is "that the defendant has refused and failed to furnish him the employment agreed upon." Under this allegation evidence was properly admitted tending to prove that defendant discharged plaintiff after he had entered its service under the contract. If it discharged him wrongfully, this was as certainly a refusal by it to furnish him the employment agreed upon as its refusal to permit him to enter its service under the contract would have been. The instruction, therefore, was applicable to the issue.

IV. Defendant asked the court to give the following instruction to the jury: "If plaintiff undertook to perform

4. ——: ——: right to discharge for incompetency. the duties of expressman and baggage-man, the defendant had the right to require of him the performance of the duties required of the service in a reasonably fair and expeditious manner. If he found himself to be incompetent for want of qualification mentally; if he proved to be weak or infirm bodily, or was too slow, and could not discharge the duties in proper time,—the defendant was not bound to continue him in its service." The court added the following to the instruction: "It is true that if plaintiff proved inefficient to discharge the duties

of the position in question, after a fair trial, he cannot recover." And with this addition gave it to the jury. Defendant assigns as error the action of the court in modifying the instruction.

The instruction as asked by defendant is clearly right, and the proposition embodied in it is expressed with reasonable clearness, and the court might well have given it in the form in which it was asked; but no prejudice could result to defendant from the giving of the clause added by the court. The meaning of the instruction was not thereby changed; for the thought expressed in the clause added is substantially the same as that expressed in the original instruction.

V. It is finally insisted that the verdict is not supported by the evidence; but we cannot interfere with the judgment on this ground. There was conflict in the evidence on nearly all the disputed questions of fact in the case, and we cannot say that the jury were not justified in finding as they did on those questions.

5. PRACTICE on appeal: conflicting evidence to support verdict.

The judgment of the circuit court must be

AFFIRMED.